UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey C. Jaegly,

    Plaintiff

  v.

Lucas County Board of Commissioners, et al.,

    Defendants

Case No. 16-cv-1982

MEMORANDUM OPINION

## I. INTRODUCTION

Before me are: (1) Plaintiff Jeffrey C. Jaegly's unopposed motion to dismiss parties (Doc. No. 17); (2) Defendant Lucas County Court of Common Pleas, Domestic Relations Division's Rule 12(b)(6) motion to dismiss (Doc. No. 19) with opposition of Plaintiff (Doc. No. 21) and reply of Defendant (Doc. No. 29); and (3) Defendants Lucas County and Lucas County Board of Commissioners' Rule 12(b)(6) motion to dismiss (Doc. No. 23) with opposition of Plaintiff (Doc. No. 24) and reply of Defendants. (Doc. No. 30).

At the outset, I grant Plaintiff's unopposed motion to dismiss parties. (Doc. No. 17). Administrative Law Judge David Lewandowski and Judge Lisa D. McGowan are dismissed as Defendants in this action. The amended complaint filed by Plaintiff reflects the dismissal of the parties. (Doc. No. 18). Defendants' motions to dismiss seek dismissal of the amended complaint.

## II. BACKGROUND

Plaintiff Jeffrey C. Jaegly is diagnosed with agoraphobia, panic disorder, and anxiety. (Doc. No. 18 at 3). Because of these conditions, he is allegedly disabled under the Americans with Disabilities Act. Due to his disability, Jaegly cannot interact with others, be in public places, or leave

his home with the exception of doctors' appointments.  *Id.*  Jaegly has thrice sought a divorce from his wife in the Lucas County Court of Common Pleas, Domestic Relations Division.  *Id.* at 3-8.  But has been unable to complete the divorce proceedings due to multiple reasons including the alleged failure of the Court of Common Pleas to accommodate his disability.

In Jaegly's first divorce proceeding, though he was granted leave to appear by phone, Jaegly was "responsible for a court reporter and video technology for defendant's testimony from home due to his disability."  *Id.* at 5.  Jaegly did so at his expense.  *Id.*  Because of reasons independent of his disability, the first divorce action was dismissed.  *Id.*  Jaegly filed for divorce again in 2014.  *Id.*  Though his first request to appear by phone at the initial hearing on the matter was granted, Jaegly's Motion to Excuse Plaintiff's Presence at All Hearings was denied.  *Id.* at 6-7.  In the ruling, Judge Lisa D. McGowan first stated, "The Domestic Relations Court does not have video conferencing capabilities."  *Id.* at 7.  She also evaluated whether a telephonic appearance would be an adequate solution, but rejected the proposal because "the Court would be limited in evaluating credibility over a telephone."  *Id.*  Jaegly alleges that no one from the court investigated other options to accommodate his disability that would not "fundamentally alter the nature of the hearing before the court," even though the court has had video conferencing capabilities in the general division courtrooms since at least 2008.  *Id.* at 7-8.  Instead, when Jaegly failed to appear for a settlement pre-trial conference on September 23, 2015, the court dismissed the action.  *Id.* at 8.  Finally, in Jaegly's third divorce action, he filed another Motion to Excuse Plaintiff's Presence at All Hearings, which was denied by Judge Zemmelman on grounds of collateral estoppel.  *Id.*

After the final denial, Jaegly filed suit in this court asserting claims under the ADA and Rehabilitation Act against Defendants Lucas County, the Lucas County Board of Commissioners, and the Lucas County Court of Common Pleas, Domestic Relation Division.  Jaegly does not argue that the judges erred, but that Defendants' conduct has interfered with his ability to participate in Defendants' services and has been denied the benefits of such.  Specifically, he alleges Defendants

have refused to make reasonable modifications to general practices, refused to provide auxiliary aids and services, charged an illegal surcharge for an accommodation, and failed to designate an employee to coordinate ADA compliance. Jaegly requests monetary, declaratory, and injunctive relief.

### III. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a motion to dismiss under Rule 12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action"). A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (citing

*Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## IV. DISCUSSION

Defendants do not contest the merits of Jaegly's claims. Instead, Defendants Lucas County and Lucas County Court of Common Pleas, Domestic Relation Division assert they are immune from suit. The Lucas County Board of Commissioners contends that it may not be sued because it has no authority over the actions of the Court of Common Pleas.

The ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 13132. The term "public entity" includes "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B). Title II of the ADA is a valid exercise of Congress's "§ 5 authority to enforce the guarantees of the Fourteenth Amendment" to abrogate the State's Eleventh Amendment immunity with respect to "the class of cases implicating the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533 (2004). But, as the Court later clarified, "Title II validly abrogates state sovereign immunity" only "for conduct that *actually* violates the Fourteenth Amendment." *United States v. Georgia*, 546 U.S. 151, 159 (2006).

Defendants do not argue Jaegly's claims on the merits or discuss the Due Process implications of the conduct alleged. Taking Jaegly's allegations in the complaint as true, he has asserted a colorable claim that he has been denied the due process fundamental right of access to the courts, abrogating the State's Eleventh Amendment immunity with respect to the Title II ADA

4

claim. Although no Defendant argued about the ability to be sued under the Rehabilitation Act, the State's Eleventh Amendment immunity is also abrogated with respect to claims under § 504 of the Rehabilitation Act. 42 U.S.C. § 2000d-7; *see also Lane v. Pena*, 518 U.S. 187 (1996).

A.  Federal Rule of Civil Procedure 17(b)(3)

Defendants Lucas County and Lucas County Court of Common Pleas, Domestic Relations Division argue that they lack the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(3). The Rule states, "Capacity to sue or be sued is determined…by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Each asserts that since they may not be sued under Ohio law, they are immune from suit in federal court. But "a governmental entity's status under state law is not conclusive of whether that entity may be sued under federal law, though state law does provide evidence of whether a given entity is, in fact, 'the State[,]'" for purposes of Eleventh Amendment sovereign immunity. *Turner v. City of Toledo*, 671 F.Supp.2d 967, 972 (N.D. Ohio 2009). As noted above, Eleventh Amendment immunity will not shield a party from this suit under Title II of the ADA or Section 504 of the Rehabilitation Act, regardless of whether it is "an arm of the State" or not.

1.  Lucas County

Under Ohio law, "[a] county is purely a political subdivision, an agency or instrumentality of the state and is clothed with the same sovereign immunity from suit." *Schaffer v. Bd. of Trs. of Franklin Cnty. Veterans Mem'l*, 171 Ohio St. 228, 231 (1960); *see also* O.R.C. §§ 2743.01 (B), 2744.01(F). But as a "political subdivision," an Ohio county is not an "arm of the state…entitled to assert any Eleventh Amendment immunity from suit in the federal courts." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280-81 (1977); *see also* O.R.C. § 2743.01(A) ("'State' does not include political subdivisions."); *S.J. v. Hamilton Cnty., Ohio*, 374 F.3d 416, 420 (6th Cir 2004) ("Ohio counties lack [Eleventh Amendment] sovereign immunity."). Independent of the preclusion of Eleventh Amendment sovereign immunity in this suit, Rule (17)(b)(3) does not bar this suit against Lucas

County in federal court under the ADA and Rehabilitation Act. *See, e.g.*, *Smith v. Grady*, 960 F. Supp.2d 735, 744 (S.D. Ohio 2013) ("Hamilton County is not entitled to sovereign immunity under the Eleventh Amendment, and it may be sued in this Court under the ADA, Title VII, ADEA and FMLA regardless of its ability to sue or be sued under state law."); *Peart v. Seneca Cnty.*, 808 F. Supp. 2d 1028, 1033-34 (N.D. Ohio 2011); *Horen v. Lucas Cnty., Ohio*, No. 3:11CV1110, 2011 WL 4842391, at *2 (N.D. Ohio Oct. 12, 2011) (allowing suit against the county under the ADA and Rehabilitation Act); *Stack v. Karnes*, 750 F. Supp. 2d 892 (S.D. Ohio 2010) (rejecting the county's Rule 17(b)(3) argument); *Turner*, 671 F. Supp. 2d, at 971 (same). Jaegly has asserted claims against Lucas County for which relief may be granted.

2.  Lucas County Court of Common Pleas, Domestic Relations Division

As noted by the Lucas County Court of Common Pleas, it cannot be sued "[a]bsent express statutory authority." *Malone v. Ct. Com. Pl. of Cuyahoga Cnty.*, 45 Ohio St. 2d 245, 248 (1976). The Sixth Circuit has also determined that, "an Ohio common pleas court is *not* a segment of county government, but an arm of the state for purposes of…Eleventh Amendment immunity analyses." *Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997). But Eleventh Amendment immunity does not act to insulate the Court of Common Pleas as "an arm of the State" in this suit. Though the Court of Common Pleas argues that it does not fall within the ADA's definition of "public entity," the Sixth Circuit has previously adjudicated Title II ADA claims against an Ohio Court of Common Pleas, Domestic Relations Division. *See Popovich v. Cuyahoga Cnty. Ct. Com. Pl., Dom. Rel. Div.*, 276 F.3d 808, 817 (6th 2002), *cert. denied*, 537 U.S. 812 (2002) (allowing suit under the ADA against a state court because "refusal of the state court to provide plaintiff with closed captioned translation of the proceeding, or other forms of hearing assistance, may constitute an unreasonable exclusion of plaintiff from participation in the proceeding under principles of due process of law."). Accordingly, I find the Lucas County Court of Common Pleas, Domestic Relations Division to be a "public

6

entity" that may be sued under Title II of the ADA. Since the Court of Common Pleas does not present an argument with respect to the Rehabilitation Act, neither claim is dismissed.

B.	Lucas County Board of Commissioners

The Lucas County Board of Commissioners asserts that since it lacked authority over the Court of Common Pleas, it cannot be sued on these claims. Unlike a county itself, a county board of commissioners may be sued in Ohio. O.R.C. § 305.12. Under the Ohio Constitution, the Ohio Supreme Court has "general superintendence over all courts in the state" and "shall prescribe rules governing practice and procedure in all courts of the state." OHIO CONST. art. IV, § 5. But, the board of commissioners has a duty to "provide for each county court judge in the county suitable court and office space and all materials necessary for the business of the court." O.R.C. § 1907.19. Additionally, the board of county commissioners exercises its discretion in determining the budget to be given to the Court of Common Pleas and is charged with proscribing compensation for any court aides, including official court reporters that might be appointed by the judge. O.R.C. §§ 307.01, 1907.201.

Here, Jaegly alleges that the Court of Common Pleas failed to employ an ADA consultant and lacked auxiliary aids in the courtrooms adequate to accommodate disabled persons such as himself. He also asserts that he was required to pay out-of-pocket for a court reporter to accommodate his disability in the first proceeding. Because the Board was charged with providing the court with "all materials necessary for the business of the court," providing the court with ADA compliant auxiliary aids is arguably within the authority of the Board. Although the Board asserts that court personnel are not delegated with the authority to hire court personnel or compensate personnel out of the county general treasury, the Board is statutorily authorized to prescribe the compensation of judicially appointed court aides and reporters "from the county treasury or other authorized funds." O.R.C. § 1907.201. These budgetary responsibilities arguably establish the requisite authority over the operations of the court specifically at issue in this case. Taking the facts

7

of the complaint as true, I find Jaegly has asserted colorable claims against the Lucas County Board of Commissioners.

## V.   CONCLUSION

As noted above, Jaegly's unopposed motion to dismiss parties is granted. (Doc. No. 17). For the foregoing reasons, I find the Defendants may be sued in federal court under the claims and deny Defendants' motions to dismiss. (Doc. Nos. 19, 23).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge