UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeffrey C. Jaegly,                                    Case No. 16-cv-1982

            Plaintiff

      v.                                              MEMORANDUM OPINION


Lucas County Board of Commissioners, et al.,

            Defendants

## I.      INTRODUCTION

Before me is Defendant Lucas County Court of Common Pleas, Domestic Relation

Division's motion for certification of a question to the Supreme Court of Ohio.  (Doc. No. 42).

Plaintiff Jeffrey Jaegly opposed the motion (Doc. No 44), and Defendant replied.  (Doc. No. 45).

## II.     BACKGROUND

After Defendant Lucas County Court of Common Pleas, Domestic Relations Division's

initial motion to dismiss for lack of capacity was denied, Defendant moved for reconsideration of

the issue.  (Doc. No. 33).  When reconsidering the issue of capacity, I found on alternate grounds

that Defendant did have the capacity to be sued and again denied dismissal.  (Doc. No. 36).

Specifically, I found Title II of the Americans with Disabilities Act and Section 504 of the

Rehabilitation Act provided the "express statutory authority" required to sue an Ohio court.

Defendant now moves for certification of the following question to the Supreme Court of Ohio:

> Does either Title II of the Americans with Disabilities Act (ADA) or Section 504 of
> the Rehabilitation Act provide the "express statutory authority" required by *Malone v.*
> *Court of Common Pleas of Cuyahoga County*, 45 Ohio St. 2d 245, 344 N.E.2d 126, 128
> (1976) and *State ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St. 2d
> 120, 296 N.E.2d 544, 546 (1973) to sue an Ohio court?

(Doc. No. 42-1 at 7).

## III.    STANDARD

"Through certification of novel or unsettled questions of state law for authoritative answers by a State's highest court, a federal court may save 'time, energy, and resources and hel[p] build a cooperative judicial federalism.'"  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 76 (1997) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).  In Ohio, a federal court that encounters "a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court" may certify the question to the Supreme Court of Ohio.  Ohio Sup. Ct. Prac. R. 9.01.  But even if the question satisfies the standard, certification is not mandated.  *Lehman Bros.*, 416 U.S. at 390-91.  Rather, the decision to certify "rests in the sound discretion of the federal court."  *Id.* at 391.

## IV.    DISCUSSION

There is no dispute that, pursuant to Federal Rule of Civil Procedure 17(b)(3) and the Supreme Court of Ohio, Defendant may not sue or be sued "absent express statutory authority." *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 34 Ohio St. 2d 120, 121 (1973); *see also Malone v. Ct. Com. Pl. of Cuyahoga Cnty.*, 45 Ohio St. 2d 245, 248 (1976); Fed. R. Civ. P. 17(b)(3) (stating capacity to be sued is determined "by the law of the state where the court is located.").  The dissension lies in whether federal statutes may provide that "express statutory authority," specifically whether Defendant may be sued as a "public entity" under Title II of the ADA or a "program or activity" under Section 504 of the Rehabilitation Act.

Defendant is correct in stating the proposed question satisfies the standard for certification in Ohio.  The Supreme Court of Ohio has not discussed whether any federal statute may provide the "express statutory authority" necessary to sue an Ohio court.  Additionally, the answer to the proposed question would be determinative to Defendant's capacity to be sued in this proceeding.  But even though the question, on its face, meets the Ohio standard for certification, the question remains as to whether the matter is "unclear or unsettled" so as to warrant certification.  *See Scott v.*

2

*Bank One Trust Co., N.A.*, 62 Ohio St. 3d 39, 42-43 (1991). The policy considerations of "'time, energy, and resources and … cooperative judicial federalism'" must also be considered. *Arizonans for Official English*, 520 U.S. at 76 (quoting *Lehman Bros.*, 416 U.S. at 391).

The Supreme Court of Ohio clearly states that "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right." *State ex rel. Cleveland Mun. Ct.*, 34 Ohio St. 2d at 121; *see also Malone*, 45 Ohio St. 2d at 248. As acknowledged by all parties, no court has ever found that a statute, state or federal, provides the "express statutory authority" required to sue an Ohio court. *See, e.g., Lawson v. City of Youngstown*, 912 F. Supp.2d 527, 530 (N.D. Ohio 2012) (holding O.R.C. § 4112.01 did not provide the "express statutory authority" to sue an Ohio court); *Hatzidakis v. Lucas Cnty. Com. Pl. Ct.*, No. 3:11CV00169, 2013 WL 3243629, at *2-*3 (N.D. Ohio June 25, 2013) (holding neither Title VII nor O.R.C. § 4112.01 provided the "express statutory authority" to sue an Ohio court).

But the fact that no statute has been found to provide the "express statutory authority" necessary to sue an Ohio court does not lead to the conclusion that an Ohio court may never be sued. Nor does it mean finding that a statute does provide the "express statutory authority" would *change* the capacity of an Ohio court to be sued, as purported by Defendant. Rather, the capacity to be sued remains within the clear and narrow standard set forth by the Supreme Court of Ohio. Because the standard set forth by the Supreme Court of Ohio is clear and settled, in the interest of "time, energy, and resources," I find it unnecessary to certify the proposed question to the Supreme Court of Ohio at this time.

Further, to briefly address the issues of comity and federalism at the heart of certification, I find it important to note the truism articulated by the Supreme Court of Ohio in *Scott*: "the Ohio Constitution permits the state to exercise its own sovereignty as far as the United States Constitution and laws permit." 62 Ohio St. 3d at 42. This truism relates directly to the question at hand, testing the interrelation of state and federal law. The question, as presented, asks the Supreme Court of

Ohio to determine whether Title II of the ADA or Section 504 of the Rehabilitation Act provide the "express statutory authority" necessary to sue an Ohio court.  Essentially, the question asks the Supreme Court of Ohio to either determine the bounds of federal statutes or interpret whether Defendant, as an Ohio court, falls within the definitions of "public entity" or "program or activity" as used in the federal statutes at issue.  Both of these tasks are generally reserved to the federal judiciary.  Therefore, I do not find it prudent to refer this issue to the Supreme Court of Ohio.

## V.  CONCLUSION

For the foregoing reasons, Defendant's motion for certification is denied.  (Doc. No. 42).  Pursuant to my previous order, Defendant is granted ten days to file a notice of appeal with the Sixth Circuit Court of Appeals.  (Doc. No. 43).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge